Milligan, J.,
delivered the opinion of the Court.
This case originated before a Justice of the Peace of Davidson County. The warrant is in trespass, and the damages are claimed for the alleged unauthorized removal of a small wooden house, which a Sutler had erected on the lands oif the defendant. The Magistrate gave judgment for the plaintiff below, and the defendant appealed to the Circuit Court, when, upon the agreement of the parties, the cause was tried by the presiding Judge, without the intervention of a jury. The Justice’s judgment was affirmed, and an appeal prosecuted to this Court.
The facts necessary to be noticed, are as follows, viz: During the time this part of the State was occupied by the Federal army, a regiment of soldiers encamped on the lands of the defendant, and a Sutler built a house thereon, which afterwards he sold to the defendant in error, for forty-five dollars. The building was constructed of wood,' and the planks, which constituted a part of it, were nailed to the upright posts and studding. The freehold upon which it was erected, was owned by the defendant; and after the removal of the troops, he declared his purpose to disregard the sale, and to appropriate the building to his own use. And thereupon he was told by the defendant in error, she would sue him. He disregarded *352 this admonition, and hauled off the plank and applied them to. other purposes. And this action is brought to recover the value of the house.
It is insisted, under this state of the facts, that the sale by the Sutler to the plaintiff, was utterly void, and communicated no title to the house; that it was a fixture, and attached to the freehold. The law on that subject, we think, is well settled. By the common law, every .thing' affixed to the freehold, was subject to the law of the freehold. But in more modern times, the rigor of this rule has been greatly relaxed in favor of tenants, and fixtures erected for the benefit of trade. But in the case of DeGrraffenreid vs. Scruggs, 4 Hum., 454, this Court said: “As between executor and heir, and between the vendor and vendee, the original rule prevails, and whatever is affixed to - the freehold, passes with it: See, also, 2 Kent’s Com., 345-6.
If such is the rule between executor and heir, and vendor and vendee, much more is it applicable between a wrong doer and the rightful owner of the freehold. The house in controversy, so far as the record discloses the facts, was erected without the permission of the owner of the freehold, or without any order of the military commander encamping his troops on the land; and when once erected, and attached to the freehold, it passed under the right of the soil, and could not be sold and .transferred by the Sutler, who erected it.
The judgment is reversed, and a new trial awarded..’